Good morning, Your Honors. May it please the Court, I am Kathryn Lewis, appearing on behalf of the petitioner, Syed Rizvi. The threshold issue in this case is determining what it is that the Court is reviewing. Here, the BIA engaged in a de novo review of the record and issued its own decision in which they did not adopt any of the IJ's reasoning. The Board merely stated that, quote, we are unpersuaded to disturb the ultimate resolution found in the immigration judge's June 21, 2002 decision. Well, their reasoning essentially was that your client had failed to carry the burden of proof, and your client did bear the burden of proof. So why is that an improper conclusion? They agree with the conclusion of the judge in denying relief, but they don't adopt any of the judge's reasoning. I understand that, but the BIA's own reasoning was that your client had failed to carry the burden of proof, which he bears. So is that conclusion supported by the record? Your Honor, the substantial evidence does not support the Board's conclusion. Here, Mr. Rizvi, his own credible testimony, plus the numerous corroborating documents that he submitted, show that he established past persecution on account of a protected ground. I thought he pretended to read a statement in Urdu, and it turned out that what he said, purporting to read the statement, wasn't in the statement in Urdu.  Well, the IJ did have an adverse credibility finding, and part of her credibility finding was in the statement in Urdu. So did your client pretend to read a statement in Urdu when he was actually not reading things that were in the statement in Urdu? I think if you look at the record, he – the way the judge characterizes it isn't accurate. Tell me exactly where to look in the record. And I thought your client not only did that, but he admitted he did it and apologized for doing it. I think if you look at page 187 in the record, he states that the issue of the Urdu statement comes up, and he actually asks for the translator to read his statement into the record, showing that he's not trying to deceive the court regarding the contents of that statement. He then went on to allegedly read the statement, and he admitted that he added a word into it, but he immediately thereafter clarifies that he's adding in language that wasn't in the written statement. And I think you need to look at the full context of, you know, he may not have followed the court's instructions, and he later did apologize for not precisely reading the word. Read what it says. I can't find it at the moment. Your Honor, it's – What he says. He says on page 187, the judge says to Mr. Risby, please read the passage, sir. And he said the interpreter can read it. And then he asks – the judge then asks, I'm asking the question, sir, to please read the portion of your declaration that talks about what you said that you said was in there that wasn't translated in the English. And then he says, after the operation, the police started raiding the units in our area. We were like this. The unit in charge was killed. But thereafter, very shortly thereafter, he goes on to explain that that word police, he was trying to explain the statement to the judge that police are involved in these raids and police were the ones who were involved in the boot box operation. The judge told him to read it, and he read words that weren't there? He read something that isn't precise, but I think, again, in the context, it's clear that he was trying to clarify that statement, Your Honor. Now, it looked to me as though there was, although you put a better cast on it and maybe you're right and the judge was wrong, it looks as though there was a basis in the record for the judge to conclude that he was pretending to read something that wasn't there. Your Honor, even if the judge makes that conclusion, that is not enough to support an adverse credibility finding. He's consistent throughout about the things that happened to him, and this one context isn't sufficient. In civil trials, we instruct the jury falsus in unis, falsus in omnium. If a person, the idea is people make mistakes all the time, and that doesn't mean they're liars. But if they intentionally lie to you about one thing, then you can infer that they're lying to you about everything. If you decide that's the inference you draw, that's basically the instruction that's given in every civil jury trial and criminal. Your Honor, in the context of asylum, because of the seriousness of what's at issue, the Court has found in the Turco's decision that even untrue statements by themselves are not necessarily a reason to refuse refugee status. Certainly. Untrue statements by themselves are not a reason. What dates your anniversary? It was June 13th. No, you silly. It was June 15th. That kind of statement is not proof that somebody is intentionally lying. But when somebody does intentionally lie, why not infer that he's a liar? I would just say on this record that there isn't the intentional lying that the judge concluded that there was. And even if so, it doesn't dilute the numerous other corroborating documents that he submitted in this case or all of his other testimony about what happened to him. What about whether he was there or not when the police made all these supposed raids? It looks like sometimes he says he's there. Sometimes he says he wasn't there. It doesn't appear that the IJ relied upon that in her findings. And I would say that he the record is a bit confused in the way that it's developed. But he's clear that the police were looking for him. He managed to escape them and, you know, evade problems. So I would say that that's simply also not what this Court is reviewing, because the Court is reviewing the board's determination. Because the board issued a de novo decision in which they did not make an explicit adverse credibility finding, nor did they adopt the IJ's credibility finding. And I would say with regard to that, the statement that they have that the ---- I don't know that the board didn't say it. They said his testimony was not believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis of his persecution claim. It seems like the inconsistencies about whether he was there or not when the police supposedly raided the headquarters are what they're talking about when they say it was not consistent. Your Honor, I would say that that statement, rather, is that the board is finding that Mr. Rizvi didn't meet his burden of proof, not that he was explicitly not credible. And I would point to the three cases that they cite immediately after that sentence, all of which find that the applicant was credible but addressed whether or not the applicants had met their burden of proof. And notably, in matter of YB cited by the board at page 1137, they use nearly identical language. If I should ignore the word consistent and just look at the citations? Well, if you look at the matter of YB decision, they state, though they're not making an adverse ---- there's no adverse credibility finding, the BIA said the applicant, quote, has not presented a believable, consistent, and sufficiently detailed claim so as to provide a plausible and coherent account as the basis of his alleged fear. It's nearly an identical statement. In that case, there's a lengthy discussion about the difference between an adverse credibility finding and a burden of proof issue. And so I think this Court needs to, you know, make that first decision. What is it that the board found? And here, it's clear that they are making a burden of proof argument and not an explicit adverse credibility finding, which this Court requires that there be explicit credibility findings. And I'll reserve my remaining time. You may do that. Thank you, Your Honors. Good morning. May it please the Court. I'm Paul Fiorino for the Respondent. Could you speak a little louder, please? Yes, Your Honor. Thank you. Mr. Risby's admission that he lied in immigration court to cover up a material omission in his asylum application provides substantial evidence in support of the agency's adverse credibility finding. Counsel, that begs the question of whether there is, in fact, such a finding. Yes, Your Honor. Let me ask a question. I have not seen any BIA decision in which there is no language of adoption, that is, we adopt such and such from the IJ's opinion, or a citation to matter of Burbano in which we have held that we're looking through the BIA's decision to the IJ's. Can you cite me any such case from this circuit? I'm not aware of any case, Your Honor. Well, all they've said here is that they're unpersuaded to disturb the ultimate resolution reached by the IJ. And we've had some discussion about this burden of proof question. So I would appreciate your addressing whether the burden of proof conclusion of the BIA is supported in a case like this one. Yes, it is, Your Honor. We would take issue with the observation that the Board did not – that all the Board said was aided to meet its burden of proof. The Board also said that he did not present a believable claim. I can't hear you. The Board, in addition to saying that he hadn't met his burden of proof, the Board clearly said, we find that he did not present a believable account. They said his testimony was not believable. But that's not the end of what they said. They went on to cite cases which are entirely burden of proof cases, and then a second sentence talking about the burden of proof being on the applicant. If you read it in context and not just take three or four words out of context, it appears to me to be a burden of proof conclusion and not an adverse credibility finding, which is normally very explicit, has to be explicit. Yes, Your Honor. And it has to give reasons. So if this is the Board's finding, they give no reasons, that's – I mean, you're sort of stuck, it seems to me. Either it's an adverse credibility finding with no reason given because they haven't adopted the IJs, or it's a burden of proof conclusion, which your brief doesn't address at all as a burden of proof question. Well, if the Court were to find that the evidence of this record compels the conclusion that he was believable or that the Board did not affirm the IJs' adverse credibility finding, the Court would have to remand to the Board to consider the merits of this case. It has considered the merits. It said he didn't meet his burden of proof. In particular, his fear was not objectively reasonable. Now, that is a reason, and if that's supported by the record, it would be sufficient. And if it's not, it's not. I don't understand why a remand would be appropriate or necessary. Well, we don't think that the Board addressed the merits of the claim because the Board did not address nexus. It did not address whether he had been persecuted in the past. It didn't address whether he had a well-founded fear of future persecution. It didn't address – it didn't go into any detail about the merits of the case. The one thing that the Board did say is that it didn't want to disturb the ultimate resolution of the immigration judge. The immigration judge's resolution was that he was not credible. And we know that the Board found him not credible because the Board said that he was not believable. Well, I'm not really sure why you're fighting this so hard. The premise of my question, because I'm trying to get you to look at what the Board actually did say, which is that the applicant, the respondent, presented inadequate testimony or other evidence to put his fear in a factual context that would make it objectively reasonable. So in other words, they gave a reason, but it was different than the IJ's reason. They said that the record doesn't demonstrate that his fear is reasonable, regardless of anything else. It's just subjective, but there's no objective basis for it. Yes. So if that is a correct finding or conclusion, why would we need to remand the case? I really don't understand that. Well, the only issue that we have, Your Honor, is you're correct. We didn't brief the merits of this case. We didn't make the alternate argument. But we would say that the record does support an alternate finding, that he didn't meet his burden of proof. Well, that's what I've been trying to get you to focus on. I know, Your Honor. I understand. His testimony, to the extent that it could be believed, was that he was a member of a political party and that a lot of things that had happened to him he attributed to the MQM hakiki, as he called them. The problem is, is that he didn't provide enough detailed evidence to attribute all the evidence, all the events to them. At the end of his testimony, and I can't tell you exactly where in the record this is, he was asked, well, how do you know that MQM hakiki was responsible for, I think it was the death of his son or the robbery of his son. And he said, MQM hakiki is responsible for everything. And that is similar to the rest of his account. If you read the record in detail, you'll see several places where the immigration judge was trying to get Mr. Risby to provide more detail and to answer the question. And in many instances, he was admonished to listen to the IJ or listen to the counsel and answer the question. And he didn't do that. What emerges from his colloquy with counsel and the immigration judge is a very garbled picture. Notwithstanding the fact that we don't know whether the police or it was the Army that was responsible for Operation Blue Fox. Let me ask you something about that. When I read it, I thought the IJ thinks he was lying. And his inconsistencies and his purporting to read the statement in Urdu and not really reading the statement in Urdu, as he was pretending to do, might offer a substantial basis in the record as a whole for that conclusion. Another possibility is that he's really stupid. And no matter how plain the question is that you ask him, you cannot get a coherent, logical answer out of him. And he can't get the same illogical, incoherent answer twice just because he's not very bright. If that were so, it would mean that an adverse credibility determination was not adequately supported, but a failure to bear his burden of proof conclusion would be adequately supported because it's his burden. Yes, Your Honor. Exactly what did the BIA conclude and which is the reasonable interpretation of the record or both? With respect to what the BIA concluded, the BIA did not make a distinction between whether he was mendacious, intentionally lying, or whether his lack of credibility resulted from a less morally culpable ground, like he was mentally disturbed, as he claimed at one point, or that he may have been lacking in intelligence.  But no matter how you cut it, the record does not compel a conclusion that what he said was credible for whatever reason, because he was lying, because he was mentally disturbed, because he was confused. This Court doesn't have a sufficient basis to reverse the finding that he didn't meet his burden of proof. And that's the crux of our case here. He attempted to rehabilitate himself several times, and every attempt to rehabilitate himself actually made things worse for him. And we would submit that on this record, there's insufficient basis to compel reversal of the Board's finding. He hasn't met his burden of proof. He has not shown compelling evidence that he was persecuted on account of a statutory ground or that he has a well-founded fear of future persecution. Thank you. Subject to your questions, that will conclude. Thank you. I don't believe we have any more questions. You have some rebuttal time. With regard to the burden of proof, Mr. Risby offered very specific details in his testimony, declarations, and corroborating documents about the facts that the police raided the MQM office where he was volunteering. His home was attacked by MQMH members. They smashed the windows, beat his children. His son, who tried to report that incident to the police, was detained and interrogated about the whereabouts of his father. You also must look at the corroborating documents, a letter from the MQM and affidavits from neighbors, as well as the country conditions evidence, which even the U.S. State Department noted that attacks against the MQM have been carried out either with police participation or acquiescence. Counsel? Yes. The government has suggested that if we read the BIA's decision as a de novo decision, not including an adverse credibility finding, but a conclusory statement about the burden of proof, that it is potentially insufficient in its reasons and should be remanded for further analysis. Do you agree or disagree with that? Your Honor, I think that the Board was clearly addressing the merits and that there's no reason for a remand here. I think that their decision is not supported by substantial evidence when you look at the record. And so there's no reason. But you think their reasoning is sufficient to review it as is? I think that they do draw a conclusion that he didn't demonstrate – they say he didn't demonstrate past persecution or well-founded fear. They also say that his fear has not been shown to be objectively reasonable, that it's subjective and unreasonable, essentially. What is your response to that? Well, they indicate that he presented inadequate testimony or other evidence to put his fear in a factual context. And I just think on this record that's absolutely not supported. I mean, they didn't – I don't – it seems that they didn't consider all of these country conditions evidence that clearly put – of somebody who's an MQM member, just those facts alone make that fear somewhat reasonable. And here there are numerous instances of past persecution such that Mr. Risby has demonstrated a past persecution on account of the protected ground so that there should be a presumption of a future – of well-founded fear of future persecution. Thank you, counsel. You've exceeded your time. Do either of my colleagues have further questions on this? Okay, thank you. The case just argued is submitted.
judges: Molloy, Kleinfeld, Graber